JOHN McK. GUNN, plaintiff in error, *vs.* DAVID H. JANES, defendant in error.

When a motion was made to open a judgment in order to scale the same, under the second section of the Relief Act of 1868, and on the trial of said motion in the Court below, it appeared in evidence that the defendant in the judgment had lost a large amount of property which he owned at the time the debt was contracted, for which the judgment was rendered, by the results of the war, without any fault of the plaintiff, and the jury returned a verdict for $25 00 in favor of the plaintiff, when the principal and interest due on the judgment was $118 00: *Held,* that the defendant in the judgment did not, by his evidence, make out such a case as entitled him to any equitable relief under the provisions of the Act of 1868, and that the judgment of the Court below should be reversed.

Constitutional law. Relief Act. Decided by Judge HARRELL. Randolph Superior Court. May Term, 1869.

Janes moved to submit to a jury a judgment which Gunn held against him, and to have the same reduced as allowed by the second section of the Relief Law of 1868. Gunn's counsel demurred to this motion, upon the ground that said

section was contrary to the Constitutions of this State and of the United States. The demurrer was overruled. On the trial, Janes showed that, at the date of the contract on which said judgment was founded, he owned slaves worth $80,000, and other property, in all amounting to, say $140,000 00; that his real estate was greatly depreciated, and not then worth over $14,000 00, and that said slaves were emancipated, and that said depreciation and emancipation were produced "by the result of the war between the United States and the Confederate States," and closed. All this evidence was objected to by Gunn's attorneys.

Gunn offered no evidence. The Court charged the jury, that Janes had the right to give in evidence the consideration of the debt or contract upon which the judgment was founded, the amount and value of the property owned by him at the time the debt was contracted, to show upon the faith of what property the credit was given, and what tender or tenders, if any, of payment was made to the creditor, and that the non-payment of the debt was owing to the refusal of the creditor to receive the money tendered; the destruction or loss of the property upon the faith of which the credit was given, and how and in what manner the property was lost or destroyed, and by whose default, and that, upon the evidence of these facts, the jury had the right to reduce the amount of the judgment according to the equity of the case, and render such verdict as to the jury appeared just and equitable.

The judgment was obtained in November, 1861, and amounted to $118 00 at the trial. The jury reduced it to $25 00.

Gunn's counsel say the Court erred in overruling said demurrer, in admitting said evidence, and in charging as aforesaid. (This case was argued at June Term, 1869, and held up by the Court.)

Hood & Kiddoo, for plaintiff in error.

Fielder & Jones, for defendant.

Merritt, Dunham & Co., *vs.* Peabody *et al.*

WARNER, J.

According to the previous rulings of a majority of this Court, the defendant in the judgment did not, by his evidence, make out such a case as entitled him to any equitable relief, under the provisions of the Act of 1868. I concur in reversing the judgment of the Court below, in this case, on the ground that the second section of the 'Relief Act of 1868, which authorizes the opening and scaling judgments rendered *prior* to the passage of that Act, is unconstitutional and void. Let the judgment of the Court below be reversed.

McCAY, J., concurred, but wrote no opinion.

BROWN, C. J., concurring.

I concur in the judgment of reversal, on the ground that the jury were not authorized to reduce the amount of the judgment, on account of the loss of the property by the defendant, as it was not shown by him that the loss was caused by the wrongful act of the plaintiff, which was necessary to raise such equity between the parties as the Court and jury had a right to administer.